# EXHIBIT B

# (Default Notice)



April 4, 2018

<u>Via Email and Federal Express</u>

Relativity Media, LLC
RML Distribution Domestic, LLC
9242 Beverly Blvd. Ste. 300
Beverly Hills, CA 90210

Re:     **<u>Notice of Breach and Default</u>**

Dear Gentlepersons:

Pursuant to the provisions of the 2010 License Agreement for Internet Transmission (as amended) (the "License Agreement"), notice is hereby given by Netflix, Inc. ("Netflix") that RML Distribution Domestic, LLC ("RML") and Relativity Media, LLC (together with RML, collectively referred to herein as "Relativity") are in breach of the following provisions of the License Agreement:

**1.     Section 4.3 – Breach of Exclusivity**

The License Agreement grants to Netflix the exclusive SVOD rights for delivered Titles during the Term, and further precludes Relativity from licensing to others any equivalent SVOD rights until the expiration of a Title's second Availability Period. Netflix has learned that Relativity have authorized the SVOD distribution of at least five Titles through Amazon's Prime and Starz-affiliated services in violation of the exclusivity provisions of Section 4.3 of the License Agreement.

In particular, during the period between the Titles' first End Date and second Start Date, the following Titles have been made available through streaming distribution on Amazon:

1. THE LAZARUS EFFECT (aka LAZARUS)
2. THE WOMAN IN BLACK 2: ANGEL OF DEATH
3. BEYOND THE LIGHTS
4. HECTOR AND THE SEARCH FOR HAPPINESS
5. AND SO IT GOES

The breach of the exclusivity provisions with respect to *The Lazarus Effect* is particularly egregious because that Title has now commenced its Second Availability Period on the Netflix Service, and thus Amazon's distribution is a blatant infringement of Netflix's distribution rights.

# NETFLIX

The foregoing breaches of Netflix's exclusivity rights have irreparably damaged the value of the license for these Titles to Netflix, and have specifically damaged the second Availability Period rights. Netflix bargained and paid for exclusive streaming rights during the entirety of the relevant license periods, and that exclusivity has now been destroyed. The License Agreement expressly provides that Netflix may recover damages for this breach.

The License Fees paid for these Titles totaled $31,530,471 – a sum that Netflix would never have paid but for the value of the exclusive streaming rights.  In calculating its damages for the aforementioned breach, Netflix is mindful of the principle set forth in the License Agreement that the withdrawal, termination or other interruption of rights granted to Netflix in a particular Title should give rise a right of refund in an amount calculated on a pro rata basis in accordance with the amount of time remaining in the contractual Availability Periods.  [*See* §§ 4.6, 9.3]   In each case, it appears that Relativity have breached the exclusivity provisions at a point in time in which 40% of the total Availability Periods still remained (12 months out of a total of 30 months).  Thus, Netflix calculates its damages for these breaches on a "straight-line basis" as set forth in the License Agreement at 40% of $31,530,471, or $12,612,188.

In view of the substantial infringement of Netflix's rights by a major competitor, this breach is incurable. Netflix reserves the right to pursue Amazon for applicable damages for its individual infringement.

**2.     Section 9.2 – Failure to Deliver the Minimum Theatrical Output**
**              and Breach of the Contractual Remedy Provision**

The License Agreement provides that Relativity shall designate and deliver to Netflix a minimum of 15 Titles with a theatrical release in calendar year 2017.   [*See* § 4.1.1]  A failure to meet the minimum Title requirement in any given Year gives rise to a contractual obligation to pay compensation to Netflix. [*See* § 4.2]  Pursuant to Section 9.2 of the License Agreement, Relativity is obligated to pay to Netflix the sum of $5,000,000 for each Title below the minimum number of Titles required.  The example given in Section 9.2 is crystal clear:

> *"e.g., if in 2012, which has a minimum Title requirement of eight (8), Relativity licenses only five (5) Titles to Netflix, Relativity shall pay Netflix Fifteen Million United States Dollars."*

The minimum Title requirement for 2017 was fifteen (15) Titles.  Relativity delivered zero (0) titles to Netflix in 2017, although it did make a last-minute

# NETFLIX

designation of three Titles that apparently had 2017 theatrical release dates. Thus, even if we interpret the payment provision in the manner most favorable to Relativity, the License Agreement required Relativity to pay the sum of $60,000,000 in compensation to Netflix (12 x $5 million).

The License Agreement provides that "such payment shall be due and payable no later than thirty (30) calendar days after the last day of the relevant Year. Thus, Relativity is in breach of Section 9.2 of the License Agreement for failing to make timely payment to Netflix. The aforementioned breach of Section 9.2, of course, is curable through payment of the sums due within the contractual cure period of thirty (30) days.

### 3.  Notice of Material Breach and Reservation of Remedies

The foregoing is not intended to be a complete statement of Netflix's contentions, rights or remedies in relation to Relativity's breaches. Please take notice that Netflix reserves all of its rights and remedies, whether in law or equity, arising from the aforementioned material breaches of the License Agreement, including the suspension of further performance, and the right to elect in the future, if Netflix so desires, to terminate the License Agreement.

Very truly yours,

*Bryony Gagan*

Bryony Gagan