# EXHIBIT E

# (Additional Netflix Letter)

# BARNES & THORNBURG LLP

Stephen R. Mick
310-284-3885
smick@btlaw.com

2029 Century Park East
Suite 300
Los Angeles, CA 90067
310-284-3880
310-284-3894 (Fax)

www.btlaw.com

May 21, 2018

Lori Sinanyan
Relativity Media, LLC
RML Distribution Domestic, LLC
9242 Beverly Blvd., Suite 300
Beverly Hills, CA  90210

Re:   **Further Notice of Breach - Relativity**

Dear Ms. Sinanyan:

Since my letter of May 8, it has come to our attention that the scope and issues surrounding Relativity's breaches of the License Agreement are even more significant that we previously understood.  We have recently learned that Macquarie US Trading LLC ("Macquarie") has recorded transfers of title on three of the five pictures for which Netflix's exclusivity rights were breached: *The Lazarus Effect, Woman in Black 2,* and *Beyond the Lights.* Those transfers appear to have been part of a non-judicial foreclosure under UCC Article 9, Part 6. The transfer was recorded in the Copyright Office on July 31, 2017.  The documentation that is referred to in the recorded transfer suggests that the foreclosure occurred earlier in July 2017.

What this means is that Relativity has been in breach of its representations and warranties under the License Agreement for more than 10 months now.  At a minimum, Relativity has breached:

- Section 7.2.6 because it has not maintained all right, title and interest necessary to grant Netflix the licenses in the License Agreement; and

- Section 7.2.7 because it has not satisfied all third party obligations of any kind with respect to the Content and its exhibition and transmission by Netflix; and

- Section 7.2.1 because it does not have the full right, power and authority to fully perform its obligations under the License Agreement

Lori Sinanyan
May 21, 2018
Page 2

These are material breaches that deprive Netflix of the legal right to exhibit these three titles, which is a privilege for which Netflix has previously paid the sum of $24,154,033 to Relativity.  The materiality of such a breach should be obvious.  The License Agreement contains relevant provisions addressing the appropriate remedy when a film becomes subject to a third party infringement or other rights claim.  *See* License Agreement, § 4.6 ("Relativity shall give Netflix a pro-rata refund for a portion of the aggregate License Fees paid by Netflix for such Title as of the effective date of such termination.")  The pro rata refund shall be due no later than thirty (30) days after the effective date of such termination.

Had Relativity acted in good faith and informed Netflix that Relativity lost the legal rights to these three films in July 2017 due to Macquarie's foreclosure, Relativity would have been obligated to pay Netflix the pro-rated amount of the License Fees for all remaining time in the licensed availability periods.  That sum was $9,661,613.

Instead, Relativity failed to disclose the loss of rights and acted to affirmatively conceal its breach through a pattern of repeated misrepresentations and active concealment.  Between May and August 2017, Netflix and Relativity had repeated discussions about the amounts owed between the parties as a result of competing sums due in both directions.  Those discussions included explicit reference to rights of setoff, and explicit discussion of amounts that remained outstanding and unpaid.  As a result of Relativity's failure to disclose the loss of legal rights and the corresponding refund obligation, and Relativity's active concealment of that debt to Netflix, Netflix agreed to enter into a stipulation to pay $818,547 to Relativity's assignee, which amount would have been subject to a right of equitable offset under California law.

Further, in December 2017, when Netflix and Relativity were negotiating the settlement of another payment issue, the issue of setoff again was explicitly raised in connection with the unpaid balance due to Netflix in connection with the fee award against Relativity in the California Superior Court action.  Yet again, Relativity engaged in these discussions and demanded payment of certain amounts allegedly due to it while concealing the fact that it owed Netflix many millions of dollars as a result of the foreclosed titles.

Finally, and most recently, when Netflix detected that third parties were distributing these three films on a competing service, Relativity assured Netflix in telephone conversations and in writing that these third-party streaming broadcasts were the result of mere "inadvertence." Relativity further represented that it was taking steps to have these titles removed from the Amazon streaming services, while failing to disclose that Relativity actually had no right,

Lori Sinanyan
May 21, 2018
Page 3

title or interest in these films anymore, and that it therefore lacked the legal ability to have the titles removed, or otherwise to guarantee Netflix's promised right of exclusivity.

The reason for this campaign of deception is apparent. As Relativity's counsel admitted in open court on May 9, Relativity was seeking to avoid letting Netflix know that Netflix had grounds to terminate the License Agreement for material breach. Had Netflix known that Relativity had lost title ownership of these three films, and that Relativity was failing to pay Netflix the refund payment to which Netflix is entitled, obviously Netflix would have elected to terminate the License Agreement long ago.

Netflix hereby demands that Relativity immediately provide it with all correspondence from any of the lenders threatening or exercising any right of foreclosure that has or could have resulted in the loss of rights in titles licensed to Netflix, as well as all communications from Relativity to any lender on that subject, and all documents evidencing any exercise of a foreclosure right. Further, Netflix reserves all of its rights and remedies with respect to the foregoing acts of misrepresentation and concealment, and hereby demands that you, and anyone who was acting in concert with you at any time, preserve all evidence relating to these title issues, Netflix's claims and your communication with Netflix on this subject.

The foregoing is without prejudice to any other rights or remedies in connection with the License Agreement and Relativity, whether or not explicitly referenced herein.

Sincerely,

*[signature]*

Stephen R. Mick

cc:    Justin Rawlins, Esq.
       Daniel McGuire, Esq.